

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-16-101

|  |  |
|---|---|
| TRAVLES JOHNSON | Opinion Delivered SEPTEMBER 14, 2016 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-09-159 (II)] |
| V. | |
| STATE OF ARKANSAS | HONORABLE MICHAEL MEDLOCK, JUDGE |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Travles Johnson appeals the Crawford County Circuit Court's decision to hold him in contempt for failure to perform community-service hours. He argues the State failed to prove that his actions were willful and therefore contemptuous. We affirm the trial court.

In August 2013, Johnson pleaded guilty to driving while intoxicated (third offense), driving with a suspended license, and having no proof of insurance; he was fined $1,200, assessed costs and fees, and sentenced to ninety days in the county jail, with credit for fifty-two days served. The remaining forty-eight days were ordered to be served on electronic monitoring, conditioned on good behavior.

In January 2015, the State filed a petition to revoke Johnson's suspended sentence for failure to make any payments toward his fine, costs, and fees after he had been released from the Crawford County Detention Center on September 26, 2013. Johnson entered a plea of guilty to contempt for failure to make the payments ordered on August 17, 2015. The trial

SLIP OPINION

court ordered Johnson to perform forty-five days of community service at the Crawford County Courthouse to satisfy the contempt and the balance of his fine, court costs, and fees.

On August 27, 2015, the State filed a petition to revoke/show cause, alleging Johnson had failed to comply with the terms and conditions of his community service in violation of the trial court's order. After a hearing, the trial court found Johnson to be in contempt of its order and sentenced him to thirty days in the Crawford County Detention Center to satisfy his community-service requirement. Johnson timely filed a notice of appeal from the trial court's finding of contempt.

At the hearing, Junior Bing, director of community service for Crawford County, testified Johnson had come to his office on August 6, and he became upset when he learned he had been ordered to perform forty-five days of community service and that it was required to be performed at the courthouse. According to Bing, Johnson told him he was not going to perform the community service and left the office. Bing explained that he gave Johnson additional time to report because Johnson told him he did not live there and needed some time; however, Johnson never returned to the office and did not answer telephone calls.

Johnson testified he lived in Springdale, and he thought he would be able to perform his community-service hours in Washington County. He said Bing told him he had to report at 6 a.m.; when Johnson told Bing that would be difficult because he was supposed to be attending alcohol classes in Washington County, Bing gave him a week to make arrangements with his probation officer. Johnson testified he was not able to get out of his alcohol classes; additionally, he admitted he "caught a violation" and returned to jail in Washington County.

Johnson agreed he did not call Bing and make him aware of his situation; he claimed he was unable to do so because he had been arrested. On cross-examination, Johnson admitted he was originally ordered to pay a fine and costs and he did not do that; he further admitted that he was later ordered to perform forty-five days of community service to satisfy the fine and costs, and he did not perform the community-service hours or give Bing reasons why he did not perform the service hours.

Contempt is divided into criminal contempt and civil contempt. *Stehle v. Zimmerebner*, 2016 Ark. 290, ___ S.W.3d ___. Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobeys its orders. *Id*. Criminal contempt carries an unconditional penalty, and the contempt cannot be purged. *Id*. The contempt imposed on Johnson is criminal in nature because the thirty-day period in the Crawford County Detention Center cannot be purged. In the case of criminal contempt, appellate courts view the record in the light most favorable to the trial court's decision; that decision is sustained if it is supported by substantial evidence. *Coleman v. Coleman*, 2016 Ark. App. 324, ___ S.W.3d ___. Substantial evidence is evidence of sufficient force and character that it compels a conclusion one way or the other, forcing the mind to pass beyond suspicion and conjecture. *Id*.

Johnson admits he did not perform the community-service hours he was ordered to perform in lieu of paying his fine and fees and costs. However, he argues his failure to perform the ordered community service was not willful because he could not complete both the community service in Crawford County and the alcohol classes he had also been ordered to

3

attend as the result of another case in Washington County. He also argues his failure to call Bing was not willful because he incurred new charges and was incarcerated.

We affirm the trial court's contempt decision. Bing testified Johnson became upset when he learned he could not perform his community-service hours in Washington County and told Bing he was not going to perform the required community service. Bing reported Johnson never returned and did not answer telephone calls. Johnson had already been held in contempt once for failure to pay his fines and was ordered to perform the community service in lieu of making payments. Johnson again failed to obey the trial court's order, this time to perform community service. While Johnson presented reasons for his failure to obey the trial court's order, the trial court was not required to believe his testimony. Matters of credibility are for the finder of fact. *Summers v. State*, 2012 Ark. App. 247. Substantial evidence supports the trial court's finding of contempt.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.